UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN GADDY,<br>Plaintiff,<br>v.<br>C. E. DUCART, et al.,<br>Defendants. | Case No. 18-cv-04558-HSG<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Dkt. No. 5. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 515 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

According to the complaint, Plaintiff is incarcerated pursuant to convictions in three separate cases.

In 1993, in Case No. BA075584, Plaintiff was sentenced in Los Angeles Superior Court to two separate terms, for two different set of crimes.  The first sentence was life with the possibility of parole.  The second sentence was a term of 11 years and 8 months, to run consecutive to the first sentence.  Plaintiff states that his parole eligibility date was calculated to be 2011, because he was eligible for parole after seven years on first sentence pursuant to section 3046 of the California Penal Code, and because he was eligible for half time on the second sentence pursuant to section 2933 of the California Penal Code.   Dkt. No. 1 at 3.

In 1984, in Case No. FCH01069, Plaintiff was sentenced in San Bernardino Superior Court to a determinate sentence of six years with 85%.  This sentence was to run consecutive to the sentences in Case No. BA075584.  With the imposition of the sentence in 1984, Plaintiff's parole eligible date was 2016.   Dkt. No. 1 at 3–4.

In 2007, in Case No. 06-cm-7259, Plaintiff was sentenced in Kings County Superior Court to a sentence of thirty-two years to life, to run consecutive to the sentences in Case No. BA075584.

Plaintiff alleges that Defendants used an incorrect method to compute Plaintiff's sentence, and incorrectly and arbitrarily changed his parole eligibility date from 2016 to 2049. Plaintiff further alleges that he has been incarcerated for over twenty-five years and has never received a hearing of any kind regarding the possibility of release from detention, and has never been informed of the requirements that would make him eligible for release. Dkt. No. 1 at 4.

Plaintiff has filed grievances informing prison officials that his parole eligibility date had been incorrectly changed from 2016 to 2049. Defendants PBSP Correctional Case Records Supervisor P. Babura, Associate Warden C.E. Ducart, and Warden Bradbury, and FSP Correctional Case Records Supervisor C. Kearns, Correctional Case Records Manager Hottinger, Associate Warden J. Peterson, Associate Warden G. Jones, and Warden D. Baughman reviewed these grievances and did not correct the parole eligibility date. Dkt. No. 1 at 5–6.

**C.     Legal Claims**

Plaintiff alleges that Defendants violated his due process rights because they prolonged his sentence without providing him with a hearing. Plaintiff also alleges that Defendants have "violated [his] Eighth Amendment Constitutional Right under Deliberate Indifference which Constituted Cruel and Unusual Punishment" when they refused to investigate the computational error and therefore detained him beyond the termination of his sentence. Dkt. No. 1 at 5–6.

However, the allegations in the complaint show no error in computation. According to the complaint, Plaintiff's original parole eligibility date after his first two convictions in 1993 and 1994 was 2016. But in 2007, Plaintiff was sentenced to an additional term of 32 years to life to run consecutive to the prior two terms. Assuming arguendo that Plaintiff has served the prison terms to which he was sentenced in 1993 and 1994, he appears to be currently and validly incarcerated pursuant to the sentence handed down in 2007. In other words, his sentence has not been prolonged; rather, he is serving an additional sentence. Accordingly, his original 2016 parole eligibility date would presumably be vacated because he is required to serve the 32 years to life sentence after serving his prior two sentences. The 32 years to life sentence would presumably advance his parole eligibility date to 2048. It is unclear why Defendants are required to provide Plaintiff with a hearing prior to recalculating Plaintiff's parole eligibility date pursuant to a lawful

3

judgment and conviction. It is further unclear how this detention constitutes cruel and unusual punishment if he is lawfully incarcerated.

The complaint does not appear to state any cognizable causes of action. However, keeping in mind that *pro se* pleadings must be liberally construed, the Court will grant Plaintiff leave to file an amended complaint that clarifies his legal claims and the underlying facts. If Plaintiff chooses to file an amended complaint, he should clarify why the 2007 sentence does not advance his parole date to 2049; and how he is being detained beyond the termination of a sentence if he is lawfully incarcerated pursuant to the 2007 sentence.

**CONCLUSION**

For the reasons set forth above, the complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-04558 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

//
//
//
//
//
//
//

4

**Failure to file a proper amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.** The Clerk shall include two copies of a blank civil rights complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 10/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge