UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN GADDY,<br>Plaintiff,<br>v.<br>C. E. DUCART, et al.,<br>Defendants. | Case No. 18-cv-04558-HSG<br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff, an inmate at Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On October 29, 2018, the Court dismissed the complaint with leave to amend. Dkt. No. 8. The amended complaint (Dkt. No. 10) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

# DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 515 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Amended Complaint**

The amended complaint, Dkt. No. 10 ("Am. Compl.") makes the same factual allegations and legal claims as the original complaint, Dkt. No. 1 ("Compl.").

In both complaints, Plaintiff makes the following factual allegations.

Plaintiff is incarcerated pursuant to convictions in three separate cases. In 1993, Plaintiff was sentenced in Los Angeles Superior Court in Case No. BA075584, to two separate sentences, for attempted murder, robbery, and attempted robbery. The first sentence was life with the possibility of parole. The second sentence was 11 years and 8 months, to run consecutive to the first sentence. Plaintiff states that his parole eligibility date was calculated to be 2011, because he was eligible for parole after seven years on the first term pursuant to section 3046 of the California Penal Code, and because he was eligible for half time on the second sentence pursuant to section 2933 of the California Penal Code. Dkt. No. 1 ("Compl.") at 3; Dkt. No. 10 ("Am. Compl.") at 3.

In 1994, Plaintiff was sentenced in San Bernardino Superior Court in Case No. FCH01069, to a determinate sentence of six years with 85%. This sentence was to run consecutive to the sentences in Case No. BA075584. With the imposition of the 1994 sentence, Plaintiff's parole eligible date was 2016. Compl. at 3–4; Am. Compl. at 3–4.

In 2007, Plaintiff was sentenced in Kings County Superior Court in Case No. 06-cm-7259 to a sentence of thirty-two years to life, to run consecutive to the sentences in Case No. BA075584. Dkt. No. 10 at 4. Subsequent to being sentenced in Case No. 06-cm-7259, Defendants "arbitrarily abrogate[ed]" Plaintiff's 2016 parole eligibility date to 2048 without providing a hearing. Compl. at 5; Am. Compl. at 5.

Plaintiff has filed grievances informing prison officials that his parole eligibility date has been incorrectly changed from 2016 to 2049. Defendants Pelican Bay State Prison ("PBSP") Correctional Case Records Supervisor P. Badura, PBSP Associate Warden C.E. Ducart, PBSP Warden Bradbury, Folsom State Prison ("FSP") Correctional Case Records Supervisor C. Kearns, FSP Correctional Case Records Manager Hottinger, FSP Associate Warden J. Peterson, FSP Associate Warden G. Jones, and FSP Warden D. Baughman reviewed these grievances and did not correct the parole eligibility date. Compl. at 5–6; Am. Compl. at 5–6.

In both complaints, Plaintiff makes the following legal claims.

Plaintiff alleges that Defendants have violated his due process rights because, despite being incarcerated twenty-five years, Defendants have never granted him a parole hearing. He further argues that section 3041 of the California Penal Code requires Defendants to set a fixed date for his parole release because he is an indeterminate life prisoner who has reached his minimum parole eligibility date (2016). Compl. at 4–5; Am. Compl. at 4–5. Plaintiff alleges that Defendants deprived him of his liberty and violated his procedural due process rights "to be heard at a meaningful time and in a meaningful manner" when they incorrectly changed his maximum eligible parole date from 2016 to 2048. Compl. at 5; Am. Compl. at 5. Plaintiff also argues that Defendants "violated [his] Eighth Amendment Constitutional Right under Deliberate Indifference which Constituted Cruel and Unus[u]al Punishment" when they refused to investigate the computational error and therefore detained him beyond the termination of his sentence. Compl. at 5–6; Am. Compl. at 5–6.

In the amended complaint, Plaintiff makes the additional argument that 120 CMR Parole Board 200.08(c) prohibits prison officials from calculating a parole eligibility date by aggregating a life sentence and any sentence that runs consecutive to that life sentence. Am. Compl. at 4–5.

3

**C. Discussion**

The Court dismissed the original complaint with leave to amend because the complaint failed to state a cognizable due process claim or a cognizable Eighth Amendment claim. Plaintiff's parole eligibility date changed from 2016 to 2048 because Plaintiff was convicted of an additional crime in 2007 and sentenced to an additional term of 32 years to life to run consecutive to the prior two terms. Plaintiff was therefore ineligible for parole on the earlier two sentences because he was required to serve an additional prison term. Dkt. No. 8 at 3–4.

The amended complaint does not cure the deficiencies identified in the Court's Order of Dismissal with Leave to Amend.

Plaintiff's argument in both complaints is that he is constitutionally entitled to parole hearings with respect to the sentences in Case No. BA075584 and Case No. FCH01069. But, contrary to the argument made in the amended complaint, Section 1170.1 of the California Penal Code requires the aggregation of multiple terms. Specifically, Section 1170.1 provides that where multiple terms of imprisonment are to be served consecutively, "the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison." Cal. Penal Code § 1170.1(c). Prison officials therefore properly aggregated Plaintiff's terms, including his 2007 sentence, and correctly calculated his MEPD to be 2046.

Plaintiff incorrectly argues that he has a liberty interest in a parole hearing arising out of 120 CMR Parole Board 200.08(c) and section 3041 of the California Penal Code. 120 CMR Parole Board 200.08(c) is inapplicable here. This is a citation to a Massachusetts statute, specifically Code of Massachusetts Regulations Title 120, Section 200.08(c). Plaintiff was sentenced pursuant to California state law, not Massachusetts state law.

Nor is Section 3041 applicable here. Section 3041 requires that the Board of Parole Hearings (1) meet with an inmate six years prior to an inmate's minimum eligible parole date ("MEPD") to review the inmate's documents and activities pertinent to parole eligibility, and (2) meet again a year prior to the MEPD. Cal. Penal Code § 3041(a)(1)-(2). However, pursuant to Section 3046 of the California Penal Code, because Plaintiff is serving two life sentences that are

4

ordered to run consecutively to each other, Plaintiff is not eligible for parole until he has served the minimum term under each life sentence. Cal. Penal Code § 3046. Here, the minimum term on the first life sentence is seven years, and the minimum term on the second life sentence is thirty-two years, for a total of thirty-nine years. Taking into account only the two life terms, Plaintiff would not be eligible for parole until 2032. Once the second sentence in Case No. BA075584 and the sentence in Case No. FCH01069 are both included for in the calculations, Plaintiff's MEPD is 2048. Accordingly, Plaintiff is not yet entitled to a parole hearing and Defendants' failure to schedule a parole hearing does not violate Section 3041.

Because prison officials did not err in calculating Plaintiff's MEPD, the failure to schedule a parole hearing did not violate either the Due Process Clause or the Eighth Amendment.

The amended complaint does state any cognizable causes of action. Plaintiff has been informed of the legal deficiencies of his claims. Plaintiff's amended complaint repeats the same facts and legal claims as the original complaint, only adding a citation to an inapplicable out-of-state regulation. In light of this procedural history, allowing further amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend within discretion of district court which may deny leave to amend due to *inter alia* "'repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment.'") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428 (9th Cir. 2000), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). The Court DISMISSES the amended complaint without leave to amend.

//
//
//
//
//

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES the amended complaint without leave to amend. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: January 2, 2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge